USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 07/08/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAPE ANSOUMANA FAYE,

Petitioner,

-v-

FACILITY ADMINISTRATOR/OFFICER-IN-CHARGE NYC HOLD ROOM, 26 FEDERAL PLAZA, et al.,

Respondents.

26-cv-5418 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

In this matter, Petitioner, a native and citizen of Senegal, seeks temporary injunctive relief and habeas corpus relief in connection with his removal proceedings under the INA. Dkt. No. 1. Petitioner is proceeding pro se.

Petitioner was ordered removed to Senegal by an Immigration Judge on July 24, 2025. Dkt. No. 15 ¶ 8. He subsequently filed an appeal with the Board of Immigration Appeals, which was dismissed on May 21, 2026. *Id.* ¶ 11. He has appealed that decision to the Eleventh Circuit. *Id.* ¶ 14. Petitioner sought a stay of removal before the BIA and the Eleventh Circuit, both of which were denied. *Id.* ¶¶ 15–16. His request to reopen proceedings before the BIA and his appeal of the BIA's decision affirming the IJ's order of removal are pending. *Id.* ¶ 16.

On June 25, 2025, Petitioner was transferred to John F. Kennedy Airport for his scheduled removal from the United States to Senegal, but he refused to get on the plane. *Id.* ¶ 22. He was subsequently transferred to the New York City Hold Room at 26 Federal Plaza that evening, at which point he filed his petition for a writ of habeas corpus. *Id.* ¶ 22; Dkt. No. 1.

Petitioner argues that (1) due process requires that he be given an opportunity to pursue his claims; (2) that this Court has jurisdiction over his claim and may preserve the status quo; (3)

that the Suspension Clause preserves habeas relief where no adequate alternative processes exist to prevent irreparable harm; (4) that the Court should preserve the status quo in light of his pending motion before the BIA; (5) that the Court must stay immediate removal before the BIA and Eleventh Circuit can meaningfully consider new evidence; and (6) that his prolonged detention has violated the Due Process Clause. Dkt. No. 1. Respondents submitted their response to the petition on July 7, 2026, arguing that the Court has no jurisdiction over Petitioner's non-detention claims, and that his detention pursuant to 8 U.S.C. § 1231 is lawful and compliant with Due Process. Dkt. No. 14.

Petitioner shall have until July 31, 2026 to reply to the Respondents' opposition.

The Clerk of Court is respectfully directed to attempt to locate pro bono counsel for Petitioner for the limited purpose of assisting with his habeas petition.[1]

The Clerk of Court is respectfully requested to email this Order to Interested Party Sam Sand at sandsam410@gmail.com.

SO ORDERED.

Dated: July 8, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

[1] Because volunteer attorneys are a scarce resource, pro se litigants are not entitled to their choice of pro bono counsel. *Cf. Cooper v. Sargenti*, 877 F.2d 170, 172–73 (2d Cir. 1989). If Plaintiff chooses not to work with the volunteer attorney that reaches out to Petitioner, Petitioner's options may be to obtain new counsel on his own. In that event, the Court will not extend Petitioner's time to respond to the opposition absent a showing of good cause made in a timely application for an extension (before the July 31 deadline).