USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAPE ANSOUMANA FAYE,

Petitioner,

-v-

FACILITY ADMINISTRATOR / OFFICER IN CHARGE, et al.,

Respondents.

26-cv-5418 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Pape Ansoumana Faye ("Petitioner"), proceeding *pro se*, petitions this Court for an order granting him a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1.

For the following reasons, the petition is denied.

**BACKGROUND**

Petitioner is a native and citizen of Senegal. Dkt. No. 1 at 4–6[1]; Dkt. No. 15 ¶ 2. He entered the United States without inspection on September 2, 2023, at or near Eagle Pass Texas, and after being encountered by United States Border Patrol ("USBP"), he was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226, and served with a Form I-220A, with reporting instructions for a deportation officer. Dkt. No. 15 ¶¶ 3–4; Dkt. No. 16-1 (Order of Release on Recognizance). He was issued a Notice to Appear ("NTA"), charging him as inadmissible pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), due to being in the United States without being admitted or paroled, or by arriving in the United States at any time or place other than as designated by the Attorney General. Dkt. No. 15 ¶ 5; Dkt. No. 16-2

[1] Citations to this docket entry use ECF pagination.

(NTA). The NTA directed Petitioner to appear for a hearing before an Immigration Judge on September 12, 2025, at the Immigration Court in Atlanta, Georgia. Dkt. No. 15 ¶ 5; Dkt. No. 16-2.

On or about April 23, 2025, Petitioner filed an application for relief with the Immigration Court. Dkt. No. 15 ¶ 6. On or about May 18, 2025, Petitioner filed Written Pleadings, admitting to the allegations set forth in the NTA and conceding removability but noting that he had filed an application for relief. Dkt. No. 15 ¶¶ 6–7; Dkt. No. 16-6. Petitioner claimed that he had a well-founded fear of persecution in Senegal because of his activities protesting conditions in the Senegalese prison system, where he worked as a guard, and that, as a result of his activities protesting those conditions, he faced a risk of torture if returned to Senegal. Dkt. No. 1 at 6–7; Dkt. No. 16-10 (describing allegations). On July 24, 2025, an Immigration Judge ordered Petitioner removed to Senegal and denied his application for relief. Dkt. No. 8 at 2; Dkt. No. 8-1; Dkt. No. 15 ¶ 9; Dkt. No. 16-8. The Immigration Judge denied Petitioner's application for asylum and for withholding and deferral of removal under INA § 241(b)(3) and the Convention Against Torture. Dkt. No. 8-2; Dkt. No. 16-8. On May 21, 2026, the Board of Immigration Appeals (the "BIA") dismissed Petitioner's appeal of the removal order, rendering his removal order final. Dkt. No. 8 at 2; Dkt. No. 15 ¶ 11; Dkt. No. 16-10. On June 1, 2026, a warrant was issued for Petitioner's removal. Dkt. No. 16-11.

He has a pending petition for review in the United States Court of Appeals for the Eleventh Circuit and a pending motion to reopen and/or reconsider before the BIA. Dkt. No. 1 at 4; Dkt. No. 8 at 2; Dkt. No. 15 ¶¶ 13–14. On June 18, 2026, the Eleventh Circuit denied Petitioner's motion for a stay of removal. Dkt. No. 8 at 2; Dkt. No. 8-2; Dkt. No. 15 ¶ 15; Dkt. No. 16-12. On June 24, 2026, the BIA denied Petitioner's request for a stay of removal. Dkt.

No. 8 at 2; Dkt. No. 15 ¶ 16; Dkt. No. 16-13.

Petitioner was taken into custody by United States Immigration and Customs Enforcement ("ICE") on a warrant dated May 13, 2025, on authority of 8 U.S.C. § 1226, after having been arrested by the Douglas County Sherriff's Office in Georgia on charges of theft by receiving stolen property. Dkt. No. 15 ¶¶ 17–19; Dkt. Nos. 16-3, 16-4 (Form I-200 Warrant for Arrest of Alien). He received a bond hearing, but the Immigration Judged denied the request for bond on December 22, 2025, on the grounds that the judge lacked authority to hear the bond request under 8 U.S.C. § 1225(b)(2)(A), and, alternatively, that he failed to show he was not a significant flight risk. Dkt. No. 15 ¶ 20; Dkt. No. 16-9.[2]

On June 25, 2026, after the Eleventh Circuit had denied Petitioner's motion for a stay of removal and the BIA had denied Petitioner's request for a stay of removal, Petitioner was transferred to John F. Kennedy Airport for his scheduled removal from the United States on a commercial flight. Dkt. No. 15 ¶ 22. Petitioner failed to comply with the removal to Senegal and refused to leave the terminal of the airport. Dkt. No. 15 ¶ 22. He was then brought to the New York City Hold Room at 26 Federal Plaza on the evening of June 25, 2026. Dkt. No. 15 ¶ 22.

## PROCEDURAL HISTORY

Petitioner filed this petition on June 26, 2026, while he was detained in the New York City Hold Room. Dkt. No. 1. That same day, the Court issued an order to answer. Dkt. No. 3. The Court ordered that to preserve its jurisdiction pending a ruling on the Petition, Petitioner not be removed from the United States absent further order of the Court, and that to ensure his ability

[2] The Second Circuit has since held that Section 1225(b)(2)(A) does not apply to persons such as Petitioner who are arrested in the interior after having been released when detained at the border. *See Barbosa de Cunha v. Freden*, 175 F.4th 61, 73 (2d Cir. 2026); *see also Tumba v. Francis*, 813 F. Supp. 3d 394, 399 (S.D.N.Y. 2025).

to participate in these proceedings and to facilitate resolution of the Petition, he not be transferred except to a facility within this District, the Eastern District of New York, or the District of New Jersey. Dkt. No. 3.[3] The Court held a scheduling hearing on the Petition on July 1, 2026, and ordered Respondents to submit their answer to the Petition by July 7, 2026. Dkt. No. 10. Respondents filed a response to the Petition, the declaration of Matthew Theriault and a memorandum of law in opposition to the petition on July 7, 2026. Dkt. Nos. 14–16. By order of July 8, 2026, the Court set Petitioner's date for reply as July 31, 2026, and directed the Clerk of Court to attempt to locate *pro bono* counsel for Petitioner. Dkt. No. 17. No *pro bono* counsel has been located or has appeared. *See* Dkt. No. 26. The Court granted Petitioner until August 14, 2026, to submit his reply. Dkt. No. 26 at 1. Petitioner filed his reply in further support of the petition on August 13, 2026. Dkt. No. 33.

Meanwhile, on July 2, 2026, Petitioner was served with a Notice of Failure to Comply Pursuant to 8 CFR § 241.4(g).[4] Dkt. No. 16-15. The notice advised Petitioner that due to his refusal to board his scheduled flight for commercial removal on June 25, 2026, he would remain in ICE custody until he demonstrated that he was making reasonable efforts to comply with the order of removal and was cooperating with ICE's efforts to remove him. *Id.* On July 6, 2026, Petitioner responded to the Notice of Failure to Comply. Petitioner did not deny that he refused

[3] The Court granted Petitioner leave to proceed *in forma pauperis* on June 26, 2026. Dkt. No. 6.
[4] The regulations implementing 8 U.S.C. § 1231(a)(1)(C) provide, in pertinent part, that the removal period is extended if "the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal," and requires ICE to provide the noncitizen with a Notice of Failure to Comply. 8 C.F.R. § 241.4(g)(1)(ii). Among other things, the notice must advise the non-citizen of the circumstances demonstrating his failure to comply and provide "an explanation of the necessary steps that the alien must take in order to comply with the statutory requirements." 8 C.F.R. § 241.4(g)(5).

to board the June 25, 2026 flight. Dkt. No. 16-16.[5] He states that he did not board the flight because he "feared removal to Senegal while [his] CAT-related claims, BIA motion to reopen/reconsider, Eleventh Circuit petition for review, and emergency court proceedings were pending." *Id.* at 1. He "feared harm in Senegal including harm from or with the involvement of Senegalese officials." *Id.* Petitioner states that ICE asked him to contact the Senegalese Embassy for travel documents, but that he fears doing so because his "direct personal contact with the Senegalese Embassy could alert the Senegalese government to [his] return, expos[ing him] or [his] family to danger, and prejudice [his] pending CAT-related claims." *Id.* He therefore requests that "any travel-document process be handled through . . . [a] procedure that does not require [him] to personally communicate with Senegalese officials unless ordered by the Court or after legal review." *Id.*

Respondents have represented that ICE-ERO is in possession of a valid travel document and is prepared and able to remove Petitioner to Senegal and that he remains detained today because he refused to comply with ICE's efforts to removal him. Dkt. No. 15 ¶ 25.

## LEGAL STANDARD

Petitioner proceeds under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "Federal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Lopez v. Sessions*, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). A petitioner bears the burden of establishing his allegations by a preponderance of the evidence.

[5] Citations to this docket entry use ECF pagination.

*Gotti v. United States*, 622 F. Supp. 2d 87, 91 (S.D.N.Y. 2009) (citing *Whitaker v. Meachum*, 123 F.3d 714, 716 (2d Cir. 1997)). "Although § 1226(e) provides that '[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any [noncitizen] or the . . . denial of bond or parole,' '[t]he Supreme Court has made clear that § 1226(e) does not . . . limit habeas jurisdiction over constitutional claims or questions of law.'" *G.F.F. v. Francis*, 2025 WL 3141735, at *3 (S.D.N.Y. Nov. 10, 2025) (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 849–50 (2d Cir. 2020)).

**DISCUSSION**

The Supreme Court has held, and Petitioner does not dispute, that "[a]fter entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). The 90-day removal period for Petitioner began on May 21, 2026, when the BIA dismissed Petitioner's appeal, and ran through August 19, 2026, during which time Petitioner's detention was mandatory. *See* Dkt. No. 33 at 1 ("Petitioner does not dispute for purposes of this Reply that detention generally is mandatory during a valid removal period."); *id.* at 3 ("Petitioner does not dispute, for present purposes, that § 1231(a)(2) generally mandates detention while a valid removal period is running.").[6] Petitioner also does not argue that removal is "indefinite" under *Zadvydas*. *Id.* at 5. Section 1231(a)(1)(C) provides:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C). Petitioner admits that he did not board the June 25 flight. Dkt. No. 33

[6] Citations to this docket entry use ECF pagination.

at 2. He "does not ask the Court to disregard June 25. He did not board the flight, and Respondents may rely on that event in asserting that he acted to prevent removal." *Id.* at 4.

It also is undisputed that the Court has no power under Section 2241 to interfere with the Government's efforts to effectuate the final order of removal. Section 2241 only "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang*, 320 F.3d at 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). The Court has no authority to order Petitioner's continued detention in the United States and thereby to prevent the Government from removing him to Senegal. *See Ceesay v. Bondi*, 2025 WL 1435615, at *1 (S.D.N.Y. May 16, 2025) (holding that court has no jurisdiction to bar the Government from enforcing a lawful order of removal); *Ramos de la Rosa v. DHS*, 2021 WL 11690844, at *7 (S.D.N.Y. Apr. 30, 2021) ("[T]o the extent that Ramos' Petition seeks a stay of his removal pending resolution of his Motion to Reopen in the Houston Immigration Court, such a request for a stay of removal constitutes a challenge to a removal order, and accordingly district courts lack jurisdiction to grant such relief." (citation modified)), *report and recommendation adopted*, 2021 WL 11690819 (S.D.N.Y. May 18, 2021). "Courts in the Second Circuit have consistently held that 8 U.S.C. §§ 1252(a)(5) and (g) strip district courts of jurisdiction over requests to stay removal." *Sean B. v. Wolf*, 2020 WL 1819897, at *1 (S.D.N.Y. Apr. 10, 2020). Petitioner availed himself of the proper avenues for such relief when he asked for stays from the BIA and the Eleventh Circuit. This Court has no warrant to second-guess their judgments. *Cf. Mahdawi v. Trump*, 183 F.4th 103, 123 (2d Cir. July 21, 2026) ("Congress has specifically prohibited the use of habeas corpus petitions to review any questions of law or fact, 'including interpretation and application of constitutional and statutory provisions,' arising from actions taken to remove an alien from the United States, channeling

such questions to courts of appeals on review of a PFR." (quoting 8 U.S.C. § 1252(b)(9))).

As Petitioner's claim has become narrowed on reply, he asks solely to be informed of the basis on which he is currently detained and "the steps necessary to demonstrate compliance," and that if his petition is premature, it be dismissed without prejudice. Dkt. No. 33 at 2, 4. He asks that he be released if his custody is not currently authorized and that, if his current claim is premature, he be permitted to challenge his continued custody at a later date.

Petitioner's challenge to his current confinement is not well-founded. He remained in detention up until August 19 because he refused to board the plane on June 25. *See Pelich v. INS*, 329 F.3d 1057, 1059 (9th Cir. 2003) ("[U]nlike the detainees in *Zadvydas*, [petitioner] himself is responsible for his plight."); *Brown v. Barr*, 2019 WL 4303352, at *3 (W.D.N.Y. Sept. 11, 2019) (that "Petitioner is the main cause for the delay in the execution of the removal order" and "therefore his continued detention 90 days beyond his order of removal became final does not entitle him to habeas corpus relief"); *Alzubi v. Tryon*, 2015 WL 860792, at *6 (W.D.N.Y. Feb. 27, 2015) (discussing that petitioner's "consistent pattern of deliberate conduct . . . aimed at frustrating the removal process" triggered suspension of the removal period). Had Petitioner boarded the plane, he would no longer have been in detention. He continues to remain in custody now, a few days past August 19, because he filed this Petition and because the Court has ordered that he not be removed from the United States. The Government has not asked him to obtain travel documents or to take any other steps to demonstrate compliance. It represents that it is prepared to remove him from the United States when the Court removes the bar against it doing so. Dkt. No. 15 ¶ 25.

Petitioner requests that the Petition be denied without prejudice. "Petitioner's noncooperation in the past does not permit continued detention indefinitely. Respondents remain

under a duty to make reasonable efforts to effect Petitioner's removal." *Garcia v. Searl*, 2025 WL 2452234, at *3 (W.D.N.Y. Aug. 26, 2025). Thus, the Petition is denied without prejudice to renewal in the future. *See id.*

Petitioner's remaining challenges are deemed abandoned and, in the alternative, denied for the reasons stated in the Government's memorandum. *See* Dkt. No. 14 at 6–15.

**CONCLUSION**

The petition is DENIED. The injunction against Petitioner's removal is vacated. The Clerk of Court is respectfully directed to close Dkt. No. 1, to issue judgment in favor of Respondents, and to close this case. The Clerk of Court is also respectfully directed to transmit a copy of this Memorandum and Order to Petitioner and to the Interested Parties at the addresses on file.

SO ORDERED.

Dated: August 24, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge